IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02353–WDM–KMT

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

    Plaintiff,

v.

APARTMENT INVESTMENT AND MANAGEMENT COMPANY,

    Defendant.

## ORDER

    This matter is before the court on the "Joint Motion to Stay Discovery and Vacate Scheduling Conference Pending Determination of Defendant's Combined Motion to Compel Arbitration and Stay Proceedings and Plaintiff's Cross Motion for Determination that Claims are Not Arbitrable." (Doc. No. 20, filed January 11, 2010.)

    The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, 2 (D. Colo. 2006)(unpublished). Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Specifically, this court has found that subjecting a party to discovery when a motion to dismiss based on a jurisdictional defense is pending would subjecting him to undue burden or expense if the motion to dismiss is later granted. *String Cheese Incident* at 2 (defense of lack of personal jurisdiction). Senior Judge Lewis T. Babcock instructed that, when considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.; See also, FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635 at 2 (D. Kan. 1987)(unpublished). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular

issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the court finds that a stay is appropriate here. *See String Cheese Incident*, 2006 WL 894955, at 2.  It is in both parties' interests to determine if the case is subject to arbitration before engaging in expensive discovery.  The parties stands to save expenses while this initial determination is considered by the district court.  The Court also considers its own convenience, the interests of non-parties, and the public interest in general.  None of these factors prompt the court to reach a different result.  In fact, the court notes that neither its nor the parties' time is well-served by being involved in possible discovery motions and other incidents of discovery when, as here, a dispositive motion involving a jurisdictional defense is pending.  *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Const. Co., Inc.*, 2008 WL 1925100, 2 (D. Colo., 2008)(unpublished); *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 2007 WL 4165397 at 2 (D.C.Cir. 2007) (unpublished)(noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) (A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.')  As the District of Columbia court stated, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."

*Id.* at 5.  Finally, neither party has asserted any compelling nonparty or public interests triggered by the facts at issue.

It is, therefore, **ORDERED**

"Joint Motion to Stay Discovery and Vacate Scheduling Conference Pending Determination of Defendant's Combined Motion to Compel Arbitration and Stay Proceedings and Plaintiff's Cross Motion for Determination that Claims are Not Arbitrable." (Doc. No. 20) is GRANTED.  Discovery is stayed pending ruling on the pending motions.  The Scheduling Conference set for January 20, 2010, is VACATED.  The parties shall file a status report within ten days of ruling on the pending motions to advise whether the Scheduling Conference should be reset.

Dated this 12th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge