IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-02353-WDM-KMT

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

    Plaintiff,

v.

APARTMENT INVESTMENT AND MANAGEMENT COMPANY,

    Defendant.

## ORDER ON MOTION TO COMPEL ARBITRATION

Miller, J.

    This case is before me on the Combined Motion to Compel Arbitration and Stay Proceedings (Docket No. 12) filed by Defendant Apartment Investment and Management Company ("AIMCO") and the Cross-Motion for Determination that Defendant's Claims are not Arbitrable (Docket No. 16) filed by Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul"). The motions are two sides of the same issue: whether the effect of a contractual time limitation should be decided in this court or in arbitration. I have read the parties' written arguments and conclude that oral argument is not required. For the reasons that follow, AIMCO's motion will be granted, St. Paul's motion will be denied, and judgment shall enter against St. Paul and in favor of AIMCO. Given that the sole relief sought by the Complaint was to abate and dismiss the arbitration, this case should be dismissed.

Background[1]

This is a dispute between AIMCO and its insurer, St. Paul. AIMCO is a real estate investment trust that engages in the acquisition, ownership, management, and redevelopment of apartment communities. In the course of its business it obtained a crime loss indemnity insurance policy (the "Policy") from St. Paul, which covered, *inter alia*, employee theft. Exh. 1 to Complaint (Docket No. 1-2). The policy period at issue here is from September 1, 2006 to September 1, 2007. The Policy contains several requirements regarding notice and proof of loss, and also contains the following provision (the "Limitations Clause"):

> Legal proceedings for the recovery of any loss hereunder shall not be brought prior to the expiration of 60 days after the original proof of loss is filed with the Underwriter or after expiration of 24 months from the discovery of such loss, except that any action or proceeding to recover hereunder on account of any judgment against the Insured in any suit mentioned in General Agreement (A) [lawsuits brought against the Insured on account of loss, claim or damage which would constitute a collectible loss under the policy], or to recover attorney's fees paid in any such suit, shall be brought within 24 months from the date upon which the judgment and such suit shall become final.

Policy, Part V ¶ (E) (4).

The Policy also contains an arbitration provision:

> In the event of any dispute between the Underwriter and the Insured as to any matters pertaining to a loss claimed under the Insuring Clauses, the Underwriter shall, at the request of the Insured, agree to the submission of any such dispute involving any loss which exceeds the applicable deductible

---

[1] I take the following information from the Complaint (Docket No. 1), the documents attached and incorporated thereby, and from the evidence presented in the supporting briefs. I have noted where issues of fact are disputed.

> to binding arbitration in accordance with the rules of the
> American Arbitration Association. However, arbitration shall
> not be available to any Insured if such a proceeding is
> contrary to any statutory or insurance regulation prohibiting
> such an election.

Policy, Part V ¶ (M).

In early 2007, AIMCO uncovered a kickback scheme by two of its employees involving redevelopment projects in Georgia and Tennessee. AIMCO filed a civil action against the employees and others to recover damages from the kickback scheme. In April or May 2007, AIMCO also began receiving claims, liens, and civil complaints from unpaid subcontractors and suppliers who had worked on the various projects and were apparently unpaid because of the scheme. AIMCO tendered a claim to St. Paul on August 31, 2007. AIMCO ultimately had to resolve twenty-one separate claims, including fifteen lawsuits in Tennessee and Georgia.

St. Paul denied coverage for the loss. On August 21, 2009, AIMCO commenced an action with the American Arbitration Association (the "Arbitration Action"). St. Paul thereafter filed its complaint in this court seeking declaratory relief in the form of a determination that the Arbitration Action was untimely under the Policy because of the Limitations Clause and that the Arbitration Action may not go forward.

## Standard of Review

The Federal Arbitration Act mandates a stay of a judicial proceeding where the parties have executed a written arbitration agreement covering the dispute:

> If any suit or proceeding be brought in any of the courts of the United
> States upon any issue referable to arbitration under an agreement in
> writing for such arbitration, the court in which such suit is pending, upon
> being satisfied that the issue involved in such suit or proceeding is
> referable to arbitration under such an agreement, shall on application of

3

> one of the parties stay the trial of the action until such arbitration has been
> had in accordance with the terms of the agreement, providing the
> applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. If a party bound by a valid agreement to arbitrate fails or refuses to arbitrate, this court may order that the arbitration proceed in the manner provided for in the agreement and compel the reluctant party to participate. 9 U.S.C. § 4.

"The Supreme Court has long recognized and enforced a liberal federal policy favoring arbitration agreements," and "[u]nder this policy, the doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir.2004) (quotations omitted). However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation omitted).

In determining whether a claim is arbitrable, I must examine the factual underpinnings of the complaint rather than merely considering the labels attached to each of the causes of action it contains. *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1197 (10th Cir. 2009). In general, to determine whether a dispute falls within an arbitration clause, I should first classify the particular clause as either broad or narrow. *Cummings v. FedEx Ground Package Sys., Inc.,* 404 F.3d 1258, 1261 (10th Cir. 2005) (citation omitted). "Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." *Id.* (quoting *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001)).

Discussion

The arbitration clause at issue here is fairly broad, in that it requires, if requested by AIMCO, submission to arbitration of disputes "as to any matters pertaining to a loss claimed under the Insuring Clauses." The losses at issue here are the costs associated with employee theft, including initiation and defense of lawsuits relating to the kickback scheme. Employee theft is covered by the Policy's insuring clauses. Therefore, there seems to be little dispute that the underlying losses could fall within the scope of the arbitration clause. In its complaint, St. Paul does not claim that the insurance contract as a whole or arbitration clause specifically is unenforceable or revocable. Rather, the issue is whether the existence of a contractual time limit for filing legal action for losses means that the dispute should not be submitted to arbitration at all. In other words, St. Paul's position is that the Limitations Clause, which imposed a specific time limit for initiating any "[l]egal proceedings for the recovery of any loss hereunder," means that the parties did not intend to submit to arbitration disputes that are untimely.

As an initial matter, I note that St. Paul's argument is based on its assertion that all of AIMCO's claims are plainly time-barred. I disagree. First, St. Paul's argument is based on an incomplete rendering of the Limitations Clause. St. Paul contends that AIMCO discovered the kickback scheme in January 2007 but did not commence the Arbitration Action until August 2009. St. Paul argues that the Limitations Clause requires that the claim for arbitration had to be filed within twenty-four months of the discovery of the employee misconduct and, therefore, the Arbitration Action was untimely. However, although the beginning of the Limitations Clause provides that proceedings for the recovery of a loss "shall not be brought . . . after the expiration of 24

5

months from the discovery of such loss," there is an exception for "any action or proceeding to recover hereunder on account of any judgment against the Insured," which shall be brought "within 24 months from the date upon which the judgment and such suit shall become final." At least a portion of the loss claimed is from lawsuits asserted against AIMCO, which plausibly fall within the exception. AIMCO also contends that there is a factual issue regarding when the employee misconduct was actually discovered.

Moreover, there is arguably at least some ambiguity regarding the meaning of the term "[l]egal proceedings for the recovery of any loss hereunder." This term may mean legal proceedings initiated against those parties that caused the loss, *i.e.*, the employees involved in the kickback scheme, and may or may not include proceedings against St. Paul for failure to cover the loss.

The question, then, is whether the Limitations Clause and its effect on the viability of AIMCO's claims should be determined by the court or by the arbitrator. Contrary to St. Paul's argument, this question has been definitively answered by the United States Supreme Court in *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002). In *Howsam*, the issue was an arbitration rule of the National Association of Securities Dealers ("NASD"), which limited submission of disputes to six years from the events giving rise to the dispute. 537 U.S. at 81. In a lawsuit involving claims against Dean Witter by an investment client, which were undisputably covered by a NASD arbitration agreement between the parties, Dean Witter asked the trial court to declare that the dispute was "ineligible for arbitration" because of the NASD rule. *Id.* at 81-82. The Supreme Court noted that although the question whether the parties have agreed

to arbitrate a particular dispute is clearly an issue for the court, the question of "arbitrability" is limited to the gateway substantive issue of whether parties are bound by a given arbitration clause. *Id.* at 84. "Procedural" questions which grow out of the dispute and bear on its final disposition, such as allegations of waiver, delay, or other "conditions precedent" are for the arbitrator to determine. *Id.* at 84-85 (quoting, *inter alia*, comment to the Revised Uniform Arbitration Act: "in the absence of an agreement to the contrary . . . issues of procedural arbitrability, *i.e.*, whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide."). Under this authority, the issue of whether the contractual time limit bars AIMCO's claims on the merits is a classic question of procedural arbitrability and is presumptively an issue for the arbitrator to decide. I see no language in the arbitration clause or other provision of the Policy to indicate that the parties intended to depart from this presumption by having the court, rather than an arbitrator, decide the meaning and scope of the Limitations Clause. Therefore, I conclude St. Paul is bound by the arbitration clause contained in the Policy and that its defenses under the Limitations Clause are for the arbitrator to determine. The pending AAA Arbitration Action should go forward and I see no basis to find that the AAA lacks jurisdiction.

Because St. Paul seeks only declaratory judgment regarding the effect of the Limitations Clause on the arbitrability of AIMCO's claims, and I have determined this

7

issue in favor of AIMCO, there is nothing further to resolve in this case and judgment shall enter.

Accordingly, it is ordered:

1. The Combined Motion to Compel Arbitration and Stay Proceedings (Docket No. 12) filed by Defendant Apartment Investment and Management Company is granted.

2. The Cross-Motion for Determination that Defendant's Claims are not Arbitrable (Docket No. 16) is denied.

3. St. Paul's request for declaratory judgment is denied and judgment shall enter against St. Paul and in favor of AIMCO mandating arbitration to proceed as provided in the parties' agreement.

DATED at Denver, Colorado, on March 2, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge